**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JINGJING SUN, | No. 07-71271 |
| Petitioner, | Agency No. A095-448-207 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011**

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Jingjing Sun, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence, *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009), and we grant the petition for review and remand.

Substantial evidence does not support the BIA's adverse credibility determination because the discrepancy between Sun's testimony and her 2003 medical certificate was attributable to a clerical error. *See Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir. 2000) (discrepancies capable of being attributed to typographical or clerical error cannot form the basis of an adverse credibility determination). Also, the record does not support the BIA's finding that Sun's explanations for the discrepancy were inconsistent. *See Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir. 2004) ("[A] general response to questioning, followed by a more specific, consistent response to further questioning is not a cogent reason for supporting a negative credibility finding."). Accordingly, we remand for the agency to reconsider Sun's withholding of removal and CAT claims on an open record. *See Soto-Olarte*, 555 F.3d at 1095. In addition, because the BIA appears to reject Sun's excuse for her untimely asylum application based in part on a lack of credible evidence, we also remand Sun's asylum claim for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**